UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

TRAMP MARITIME ENTERPRISES LTD.,          :

        Plaintiff,          :

    - against -          :

HERBA RICE MILLS SLU,          :

        Defendant.          :
------------------------------------------------------------X

**VERIFIED COMPLAINT**

JUDGE BAER

06 CV 7020

RECEIVED
SEP 1 2 2006
U.S.D.C. S.D. N.Y.
CASHIERS

The Plaintiff, TRAMP MARITIME ENTERPRISES LTD. (hereinafter "Plaintiff"), by its undersigned attorneys, Tisdale & Lennon, LLC, as and for its Verified Complaint against the Defendant, HERBA RICE MILLS SLU (hereinafter "Defendant"), alleges, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 United States Code § 1333.

2.    At all material times, Plaintiff was and still is an entity duly organized and existing by virtue of foreign law.

3.    At all material times, Defendant was and still is an entity duly organized and existing by virtue foreign law.

4.    Plaintiff was at all material times the disponent Owner of the motor vessel BOGDAN (hereinafter the "Vessel").

5.    Defendant was at all material times the Charterer of the Vessel.

6.    Pursuant to a charter party dated June 10, 2006, Plaintiff chartered the Vessel to Defendant for the carriage of white milled rice from Alexandria, Egypt to Puerto Rico.

7.    Certain disputes arose between the parties with regarding Defendant's failure to pay amounts due and owing to Plaintiff under the charter party contract, including dead freight charges, extra costs incurred due to Defendant's shortage of cargo, demurrage charges, and survey fees.

8.    As a result of Defendant's breach of the charter party contract, Plaintiff has sustained damages in the principal amount of $69,837.91.

9.    Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

10.    Plaintiff is currently preparing to initiate arbitration on its claims.

11.    Despite due demand by Plaintiff, Defendant has failed to pay the amounts due and owing under the charter party contract.

12.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law.  As best as can now be estimated, Plaintiff expects to recover the following amounts under the final arbitration award:

| | | |
|---|---|---|
| A. | Principal claim: | $69,837.91 |
| B. | Estimated interest on principal claim: 3 years at 6% interest, compounded quarterly | $13,675.19 |
| C. | Attorneys' Fees: | $25,000.00 |
| D. | Arbitration expenses: | $15,000.00 |
| **Total** | | **$123,513.10** |

13.     The Defendant cannot be found within this District within the meaning of Rule B

of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of

Civil Procedure, but, upon information and belief, Defendant has, or will have during the

pendency of this action, assets within this District and subject to the jurisdiction of this Court,

held in the hands of garnishees including, but not limited to, ABN Amro, American Express

Bank, Bank of America, Bank of New York, Citibank, HSBC (USA) Bank, J.P. Morgan Chase,

Standard Chartered Bank, and/or Wachovia Bank N.A., which are believed to be due and owing

to the Defendant.

14.     The Plaintiff seeks an order from this court directing the Clerk of Court to

issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental

Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States

Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by

the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant,

and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing it to appear

and answer under oath all and singular the matters alleged in the Complaint;

B.     That since the Defendant cannot be found within this District pursuant to

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue

an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and

also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or

intangible property in whatever form or any other funds held by any garnishee, including, but not

—3—

limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank,

HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank which

are due and owing to the Defendant, in the amount of **$123,513.10** to secure the Plaintiff's

claims, and that all persons claiming any interest in the same be cited to appear and pursuant to

Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.      That this Court recognize and confirm any arbitration award or judgment rendered

on Plaintiff's claims as a Judgment of this Court;

D.      That this Court retain jurisdiction over this matter through the entry of any

judgment or award associated with any of the claims currently pending, or which may be

initiated in the future, including any appeals thereof; and

E.      That the Plaintiff has such other, further and different relief as the Court

may deem just and proper.

Dated: September 12, 2006
. New York, NY


The Plaintiff,
TRAMP MARITIME ENTERPRISES LTD.



By:  _____
Charles E. Murphy (CM 2125)
Nancy R. Peterson (NP 2871)
TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 (Phone)
(212) 869-0067 (Fax)
cmurphy@tisdale-lennon.com
npeterson@tisdale-lennon.com


-4-

## ATTORNEY VERIFICATION

State of Connecticut  )
                )     ss: SOUTHPORT
County of Fairfield   )

1.      My name is Nancy R. Peterson.

2.      I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3.      I am the attorney for the Plaintiff, TRAMP MARITIME ENTERPRISES LTD., in this action. I am fully authorized to make this Verification on its behalf.

4.      I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5.      The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6.      The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated: September 12, 2006
        Southport, Connecticut

Nancy R. Peterson